# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * *
SIDNEY BROUSSARD, *
Personal Representative of the *
Estate of DANA BROUSSARD, *
* No. 18-302V
* Special Master Christian J. Moran
*
Petitioner, * Filed: June 30, 2026
*
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * * * * * * * * * * * *

Ronald Homer and Joseph Pepper, Conway Homer, P.C., for petitioner;
Mark Hellie, United States Dep't of Justice, Washington, DC, for respondent.

**PUBLISHED DECISION AWARDING**
**SUPPLEMENTAL ATTORNEYS' FEES AND COSTS**[1]

Pending before the Court is petitioner Sydney Broussard's motion for supplemental attorneys' fees and costs. He is awarded a total of $9,229.10.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

## I. Procedural History

Sydney Broussard's wife, Dana Broussard, alleged that the hepatitis B vaccination caused her to suffer transverse myelitis and neuromyelitis optica. Pet., filed Feb. 28, 2018. After a hearing, Dana Broussard passed away. With the assistance of an attorney, Sydney Broussard was appointed the representative of his wife's estate. Mr. Broussard also became the petitioner in this action. Throughout this claim, attorneys at Conway, Homer, P.C. have represented the petitioner, regardless of whether the petitioner was Ms. Broussard or the representative of her estate. Counsel of record is Ronald Homer, but most of the work was done by Joseph Pepper.

Mr. Broussard submitted one brief after the hearing. However, his arguments were found not persuasive. A decision issued on April 4, 2024, denied compensation. 2024 WL 1829210.

On November 4, 2024, Mr. Broussard filed a motion for final attorneys' fees and costs. An independent review of the fee application raised various questions. Order, issued Apr. 22, 2025. Mr. Broussard replied. Pet'r's Status Rep., filed June 17, 2025. A recorded status conference / oral argument was held on July 8, 2025. In the status conference, Mr. Broussard's attorney suggested that the attorney assisting Mr. Broussard in the probate matter might have additional attorneys' fees. Thus, Mr. Broussard was given an opportunity for the Conway, Homer attorneys to ascertain whether the probate attorneys might have additional fees. In the July 8, 2025 status conference, the Conway, Homer attorneys did not advise that their law firm might request additional attorneys' fees.

Approximately two months after oral argument, Mr. Broussard was awarded a reasonable amount of his attorneys' fees and costs, including a reasonable amount of attorneys' fees for probate work. First Fees Decision, 2025 WL 2733619, issued Sep. 3, 2025. After the parties disclaimed any interest in filing a motion to seek review, the Clerk's Office entered judgment in Mr. Broussard's favor on October 1, 2025.

Mr. Broussard seeks additional attorneys' fees via a supplemental motion for attorneys' fees, filed on October 7, 2025. A tiny portion of the supplemental fees were incurred before the April 22, 2025 order requested additional information. The bulk of the supplemental fees were incurred between the April 22, 2025 order and the July 8, 2025 status conference. Another portion of the supplemental fees were incurred after the July 8, 2025 status conference. The total amount requested

is $10,229.90 in attorneys' fees. Mr. Broussard did not request any additional costs.

The Secretary submitted his boilerplate response in which the special master deferred to the assessment of the special master. The Secretary did not comment upon the supplemental nature of the request. See Resp't's Resp., filed Oct. 21, 2025.

Via an email to the undersigned's law clerk on which Mr. Pepper was copied, the Secretary inquired about whether the supplemental fee request might alter the October 1, 2025 judgment. Ideally, this communication could have been presented more formally, perhaps in the Secretary's October 21, 2025 response.

Mr. Broussard was invited to submit a motion for relief from judgment. Order, issued Nov. 4, 2025. However, Mr. Broussard maintained that he did not qualify for relief from judgment pursuant to Rule 60(b) of the Court of Federal Claims. In his view, the October 1, 2025 judgment was correct. Instead, special masters could issue a "second, separate attorneys' fees and costs decision" from which a second judgment would follow. Pet'r's Status Rep., filed Nov. 12, 2025.

A status conference was held on December 15, 2025. The Secretary stated that the government wanted a ruling from the special master but was not concerned about the form of any ruling.

## II. General Eligibility for Attorneys' Fees

As explained in the First Fees Decision, Mr. Broussard is eligible for an award of attorneys' fees and costs. For work performed before December 1, 2024, he was awarded a reasonable amount of attorneys' fees and costs via the October 1, 2025 judgment.[2]

## III. Eligibility for *Supplemental* Attorneys' Fees

After Mr. Broussard filed his original fee motion on November 4, 2024, he has incurred additional attorneys' fees and costs defending his fee application. These are sometimes termed "fees for fees." The Federal Circuit recognizes that fee applicants may be awarded supplemental fees. Schuenemeyer v. United States, 776 F.2d 329, 333 (Fed. Cir. 1985).

[2] Whether the government has paid the October 1, 2025 judgment is unknown to the undersigned.

With respect to the procedure used for requesting supplemental fees, the activities of both Mr. Broussard and the Secretary could have been better. Mr. Broussard did not alert the undersigned that his Conway, Homer attorneys intended to seek supplemental fees during the July 8, 2025 status conference. The silence about supplemental fees from Conway, Homer attorneys is juxtaposed with the explicit notice that Mr. Broussard's probate attorneys might seek additional fees. In any event, the Conway, Homer attorneys could have requested supplemental fees before the September 3, 2025 decision awarding attorneys' fees. In short, a greater amount of transparency might have eliminated the need for separate fee decisions.

As to the Secretary, it is not readily apparent why the Secretary raised the idea of modifying the October 1, 2025 judgment. Special masters have occasionally awarded a reasonable amount of attorneys' fees and costs and then, as Mr. Broussard proposed, issued a second decision awarding supplemental attorneys' fees and costs. See, e.g., Abbott v. Sec'y of Health & Human Servs., No. 10-485V, 2018 WL 2423571 (Fed. Cl. Spec. Mstr. May 3, 2018) (awarding fees associated with a motion for review of a decision awarding a reduced amount of attorneys' fees and costs).

Furthermore, when given an opportunity to discuss this topic during the December 15, 2025 status conference, the Secretary did not object to a second decision.

## IV. Reasonable Amount of Supplemental Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

The billing records indicate that the majority of attorney hours were billed by Mr. Joseph Pepper but, as is typical at this firm, several other attorneys have provided assistance at various stages in the case. These attorneys are Mr. Ronald Homer, Ms. Christina Ciampolilo, and Ms. Meredith Daniels. The requested rates are consistent with what the attorneys of Conway, Homer, P.C., have previously been awarded for their Vaccine Program work, and the proposed hourly rates are reasonable for work performed in the instant case. See Kaiser v. Sec'y of Health & Human Servs., No. 20-1096V, 2023 WL 2622520 (Fed. Cl. Spec. Mstr. Mar. 24, 2023).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The pending motion for supplemental fees contains billings for activities that should not be charged. The inclusion of these excessive items suggests that neither the discussion during the July 8, 2025 status conference nor the comments in the September 3, 2025 fees decisions were heeded.

A recurring issue with Conway, Homer is that the law firm charges for multiple attorneys doing relatively routine tasks that are ordinarily handled by a single attorney at other law firms. See, e.g., Manetta v. Sec'y of Health & Human Servs., No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); Lyons v. Sec'y of Health & Human Servs., No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). This issue was brought out at the beginning of the case. See Order, issued March 1, 2018, at 3 (noting a concern

about having multiple attorneys work on a case). This issue, particularly in regard to Mr. Homer, was raised in the April 22, 2025 order.

The supplemental fee motion contains two instances in which attorneys (other than Mr. Homer) have charged for assisting Mr. Pepper. In the first example, Ms. Ciampolilo has charged for conferring with Mr. Pepper about a response to the Secretary's generic response to the fee application. This charge is particularly excessive because the Secretary has been submitting his stock response to motions for attorneys' fees and costs for multiple years. Thus, Mr. Pepper is likely to have encountered this response previously. Certainly, Mr. Homer, who also has charged for reviewing the Secretary's response, has seen the Secretary's boilerplate response before. In the second example, Ms. Daniels spent time editing a fee response that Mr. Pepper had drafted with input from Mr. Homer.

In this situation, given the specific warnings in earlier decisions as well as discussions during this case, the charges from Ms. Ciampolilo and Ms. Daniels are not reasonable. Furthermore, to incentive compliance with this standard, the amount being deducted is twice the amount requested. In other words, because Ms. Ciampolilo has charged $100.00, $200.00 is being deducted. Likewise, because Ms. Daniels has charged $309.60, $619.20 is being deducted. See Ginsberg v. Sec'y of Health & Hum. Servs., 179 Fed. Cl. 107, 117-18 (2025) (recognizing special master may reduce attorneys' fees for failure to comply with orders).

Apart from Ms. Cimpolilo and Ms. Daniels, there was also overlap in the work of Mr. Homer and Mr. Pepper. For example, each reviewed a May 29, 2025 order granting a motion for enlargement of time. This duplication, which is presumed to be due to good faith inadvertence, is not consistent with the representations made during the July 8, 2025 status conference. The First Fees Decision accepted Mr. Homer's oversight because, in part, Mr. Homer and Mr. Pepper did not bill for the same activities. Because this practice was not followed on May 29, 2025, $51.60 is deducted.

Mr. Homer and Mr. Pepper frequently communicated with each other and their paralegal, Susan Farrell, about efforts to obtain information from the probate attorneys. While most of the communications were for relatively small amounts of time (usually 0.3 hours or less), again, it is not clear why Mr. Pepper is not handling the issue by himself. If it takes Mr. Pepper about 10 minutes to communicate with Ms. Farrell about (the lack of) response from the probate attorneys and then Ms. Farrell spends about 10 minutes communicating with the probate attorneys, little efficiency is gained by delegating the task to the paralegal.

The efficiency is further decreased when Ms. Farrell then spends time communicating a response to Mr. Pepper, who spends time reading it, and sometimes forwarding to Mr. Homer. To account for the multiplicity of people working on the file, $200.00 is deducted.

Accordingly, a reasonable amount of attorneys' fees is $9,229.10 ($10,229.90 - $200.00 - $619.20 - $51.60 - $200.00).

## V. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees as follows: a lump sum of **$9,229.10** (representing $9,229.10 in attorneys' fees) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3] This decision does not alter the October 1, 2025 judgment.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.